UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE B. ROSS-PATTERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:17-cv-846-JAR |
| PRECIOUS M. SMITH | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Willie B. Ross-Patterson for leave to proceed *in forma pauperis*. The Court has considered the financial information submitted in support, and will grant the motion. After review, the Court will also dismiss the complaint without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant Smith was a case manager employed by the Missouri Department of Social Services, and that defendant Willis was a volunteer court-appointed special advocate and/or a guardian *ad litem*. All parties are Missouri citizens.

Plaintiff alleges that Smith took actions and made statements that were upsetting and insulting, and that resulted in plaintiff's great grandchild being placed in a foster home. Plaintiff offers no details regarding the proceedings that resulted in the child's custody placement. He does not allege that he ever had physical or legal custody of the child. Instead, he sets forth allegations such as:

2

> Precious Smith CD case manager used her authority unethically to hurt me from her revenge she used my great grandson as her weapon towards hurting me from knowing how much I love my family
>
> Smith have misused her Authority to build an illegal case to remove child from his great grandmother home of love
>
> Smith had [a counselor] give a letter belittling towards me someone Smith knew I fired her after 30 days of hire for her unprofessional and unfairness to the child for not keeping her schedule appointments using bizarre reasons and shouting at him
>
> Smith also went to child old school and was only able to get words I stated in a letter to the social worker Mr. Fredrick Minner, who assisted her in trying to place child in a Residential Home at 504 meeting May 28, 2016.

(Docket No. 1 at 3).

Plaintiff alleges that Willis visited his home on September 29, 2016 and "sat at the same table he has shared dinner with Child and me and underhanded something to child that caused him to walk away and say he can see himself to the door within twenty minutes of being there." (*Id.*)

Plaintiff alleges that the defendants' actions/statements were belittling and caused him various forms of harm including mental stress resulting in a brain tumor, trouble eating, sleeping and focusing, and an inability to publish a book and test for a job. He seeks monetary damages, and asks this Court to "return my family where he needs to be." (*Id.* at 5). He also writes: "I am asking that Smith be Punish and fine $20,000.00 and the return of my great grandson, from illegal removal." (*Id.*)

## Discussion

For the following reasons this case will be dismissed due to lack of jurisdiction. "The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858), divests the federal courts of jurisdiction over any action for which the subject is a divorce,

3

allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation amended). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id.* In the case at bar, plaintiff is asking this Court to determine that Smith and Willis committed wrongdoing in connection with state child custody proceedings, and enter an order that changes the child's custody status. This Court cannot, as plaintiff suggests, change state custodial determinations. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (questions concerning child custody are left entirely to state courts to answer). Because the domestic relations exception divests this Court of jurisdiction, this case will be dismissed without prejudice. Fed. R. Civ. P. 12(h)(3).

In addition, plaintiff's allegations against Smith and Willis are merely the "unadorned, the-defendant-unlawfully-harmed-me" accusations that the Supreme Court has held are unacceptable. *Iqbal*, 556 U.S. at 678. Although *pro se* complaints are construed liberally, they still must allege facts in support of the claims advanced, *Martin*, 623 F.2d at 1286, and this Court will not assume facts not alleged. *Stone*, 364 F.3d at 914-15. The complaint is subject to dismissal on this basis, as well.

Finally, regarding Smith, the Court notes that the complaint fails to specify whether she is being sued in her official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). The Court must therefore construe the complaint as against the governmental entity that employs Smith, which in this case is the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (naming

4

an official in her official capacity is the equivalent of naming the entity that employs her); *see also Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. Regarding Willis, to the extent he is a volunteer court-appointed special advocate and/or a guardian *ad litem* being sued for actions taken within the scope of those duties, he is immune from suit under § 1983. *See Dornheim v. Sholes*, 430 F.3d 919, 925 (8th Cir. 2005); *McCuen v. Polk County, Ia.*, 893 F.2d 172, 174 (8th Cir. 1990).

The complaint is also subject to dismissal to the extent plaintiff can be understood to attempt to assert claims under 42 U.S.C. § 1981. Title 42 U.S.C. § 1981 provides in pertinent part:

> All persons . . . shall have the same right . . . to make contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To establish a claim under § 1981, a plaintiff must demonstrate that the defendants purposefully and intentionally discriminated against him on the basis of race. *See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982); *Edwards v. Jewish Hosp. of St. Louis*, 855 F.2d 1345, 1351 (8th Cir. 1988). The instant complaint contains no facts indicating that any actions taken by defendants were motivated by purposeful race discrimination against plaintiff. As a result, plaintiff does not state a claim under § 1981.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

5

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of April, 2017.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE